# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOSHUSA LEGISTAR<br><br>                Plaintiff,<br><br>v.<br><br>LT. JOHNATHON ECKERT, OFFICER CHLOE LISKA, OFFICER JUSTIN NEMOIR, OFFICER KYLE BUCHER, JACKSON COMERFORD, JOHN DOE MEDICAL STAFF, JANE DOE MEDICAL STAFF, and NURSE JANE DOE,<br><br>                Defendants. | Case No. 25-CV-1351-JPS<br><br>**ORDER** |

      Plaintiff Joshua Legistar, a prisoner proceeding pro se and incarcerated at the Drug Abuse Correctional Center, filed a complaint in Waukesha County Circuit Court. ECF No. 1-1. On September 4, 2025, the Doe medical defendants removed the case pursuant to 28 U.S.C. §§ 1441, 1443. ECF No. 1. All defendants have appeared and have requested the Court to screen the complaint and to stay the deadline to answer. ECF Nos. 3, 8. The Court will grant Defendants' motions for screening and to stay the answer deadline. The remainder of this order screens Plaintiff's complaint and resolves his motion to appoint counsel, ECF No. 13.

1.     **SCREENING THE COMPLAINT**

    1.1    **Federal Screening Standard**

      Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity

or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff brings allegations against Defendants for various issues related to his arrest and confinement at the Waukesha County Jail. ECF No. 1-1 at 3-4. The Court will only briefly summarize Plaintiff's claims because, as discussed below, the Court finds that Plaintiff may not bring all of his claims in the same case. Plaintiff bring claims against various officers from the Menomonee Falls Police Department related to his arrest and subsequent transfer to the hospital for medical treatment. *Id.* at 4–7. Plaintiff alleges that the officers failed to get a search warrant for the blood test he received; Plaintiff did not consent to a blood draw. *Id.* at 7. Plaintiff further alleges that the officers failed to seek adequate medical treatment for him before transferring him to the jail for processing. *Id.*

Plaintiff also brings claims against staff at the Waukesha County Jail for failing to provide adequate medical treatment. *Id.* Plaintiff alleges that the jail staff failed to provide treatment for the injuries he received in the car accident prior to his arrest. *Id.* Plaintiff further alleges that the jail staff failed to provide him with the pain medication that he had previously been prescribed for other issues. *Id.* Plaintiff continued to request medical treatment with no adequate response from the jail staff. *Id.* at 7–8.

### 1.3 Analysis

The Court finds that Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 18 and 20. While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and

Page 3 of 8
Case 2:25-cv-01351-JPS   Filed 11/13/25   Page 3 of 8   Document 15

involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George,* 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

Here, Plaintiff brings claims against different defendants related to multiple incidents. As such, the Court finds that Plaintiff's complaint violates Rules 18 and 20 because he seeks to bring unrelated claims against unrelated defendants. When a plaintiff has improperly joined unrelated claims against unrelated defendants, the court must reject the complaint "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing Fed. R. Civ. P. 21). Rather than the Court deciding which claims to sever (remove from the case) or which defendants to dismiss, the Court will instead give Plaintiff an opportunity to choose which of the above-described claims he wants to pursue in this case, and which he wants to bring in separate cases. The Court will give the plaintiff a deadline by which to file an amended complaint that focuses on the related claim(s) of his choice. If he wishes to pursue the other unrelated claims, he may file separate complaints regarding those claims. If Plaintiff fails to file an amended complaint by the deadline, the Court will choose which claim(s) to allow Plaintiff to pursue and will dismiss any improperly joined claims/defendants. If Plaintiff does not file an amended complaint, the Court will likely allow the case to proceed on claims against the Waukesha County Jail staff for failing to provide Plaintiff with adequate medical treatment. In amending his complaint, Plaintiff should consider the following information.

Plaintiff may amend his complaint in accordance with this guidance on or before **December 5, 2025**. When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the prior complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Page 5 of 8
Case 2:25-cv-01351-JPS   Filed 11/13/25   Page 5 of 8   Document 15

### 2. MOTION TO APPOINT COUNSEL

The Court will deny Plaintiff's motion to appoint counsel without prejudice. ECF No. 13. As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." A court should seek counsel to represent a plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether to appoint counsel in a particular case is left to a court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018).

The first element of *Pruitt* is fairly easy to satisfy, but it is not toothless, and it is not a mere technical condition of submitting a certain number of rejection letters. If it was, then a Wisconsin prisoner litigating a § 1983 action could submit rejection letters from ten randomly selected criminal defense lawyers from Nevada and call his work complete. This cannot be. The purpose of the reasonable-efforts requirement is to ensure that if a court and private lawyers must expend scarce resources to provide counsel for a prisoner, he has at least made a good-faith effort to avoid those costs by getting a lawyer himself. To fulfill this duty, a pro se prisoner should reach out to lawyers whose areas of practice suggest that they might consider taking his case. If he learns that some of the lawyers he has contacted do not, he should reach out to others before he concludes that no one will help him.

Here, Plaintiff has submitted no evidence that he contacted attorneys to represent him in the matter. ECF No. 13. As such, the Court finds that Plaintiff has failed to satisfy the first *Pruitt* factor, and his motion will therefore be denied without prejudice. Plaintiff may renew his request, if needed, and cure the deficiencies identified in this Order.

3. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendants' motions for screening and to stay the answer deadline, ECF Nos. 3, 8, be and the same are hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel, ECF No. 13, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that the complaint, ECF No. 1-1, violates Federal Rules of Civil Procedure 18 and 20; Plaintiff may submit an amended complaint on or before **December 5, 2025**; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 13th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.