# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUSA LEGISTAR,

        Plaintiff,

v.

LT. JOHNATHON ECKERT,
OFFICER CHLOE LISKA, OFFICER
JUSTIN NEMOIR, OFFICER KYLE
BUCHER, JACKSON COMERFORD,
JOHN DOE MEDICAL STAFF, JANE
DOE MEDICAL STAFF, and NURSE
JANE DOE,

        Defendants.

Case No. 25-CV-1351-JPS

**ORDER**

Plaintiff Joshua Legistar, a prisoner proceeding pro se and incarcerated at the Drug Abuse Correctional Center, filed a complaint in Waukesha County Circuit Court. ECF No. 1-1. On September 4, 2025, the Doe medical defendants removed the case pursuant to 28 U.S.C. §§ 1441, 1443. ECF No. 1. On November 13, 2025, the Court screened Plaintiff's complaint, found that it violated Federal Rule of Civil Procedure 18 and 20, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 15. This order screens Plaintiff's amended complaint, ECF No. 16.

## 1. SCREENING THE AMENDED COMPLAINT

### 1.1 Federal Screening Standard

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff brings allegations against Defendants Lt. Johnathon Eckert ("Eckert"), Officer Chloe Liska ("Liska"), Officer Justin Nemoir ("Nemoir"), Officer Kyle Bucher ("Bucher"), Jackson Comerford ("Comerford"), and various Doe defendants ("Does"). ECF No. 16 at 1. On January 18, 2025, Plaintiff crashed a car into a ditch because he was being chased by a person threatening him. *Id.* at 2. Menomonee Falls police officers responded to a 911 call, and Liska handcuffed and arrested Plaintiff upon arriving at the scene. *Id.* Plaintiff was then transported to a hospital for treatment via ambulance. *Id.* Defendants arrived in Plaintiff's hospital room and violated his constitutional rights by performing a warrantless and nonconsensual blood draw on him. *Id.* As a result of this blood draw, Plaintiff has permanent nerve damage and suffers from night terrors and PTSD. *Id.* at 2–3.

### 1.3 Analysis

The Court finds that Plaintiff's may proceed against Defendants for a Fourth Amendment illegal search claim. Under the Fourth Amendment, warrantless searches are *per se* unreasonable, subject to a few well delineated exceptions. *Katz v. United States*, 389 U.S. 347, 357 (1967). The warrant requirement applies with full force "'where [surgical] intrusions into the human body are concerned[,]'" *Winston v. Lee*, 470 U.S. 753, 761 (1985) (quoting *Schmerber v. California*, 384 U.S. 757, 770 (1966)), or more specifically in the case of blood draws, where there is "a compelled physical intrusion beneath [a person's] skin and into his veins to obtain a sample of his blood for use as evidence in a criminal investigation." *Missouri v. McNeely*, 569 U.S. 141, 148 (2013).

Here, Plaintiff alleges that Defendants all participated in a warrantless and nonconsensual blood draw. At the pleading stage, the Court finds Plaintiffs may therefore proceed against all Defendants. The Court notes, however, that it is unclear at this juncture whether the medical staff Doe defendants are state actors for the purposes of section 1983. "When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). To determine whether an employee of a private entity is acting under the color of state law, the court must find a "'close nexus between the State and the challenged action' that the challenged action 'may be fairly treated as that of the State itself.'" *Id*. at 823 (quoting *Jackson v. Metro Edison Co.*, 419 U.S. 345, 352 (1974)). After Plaintiff identifies the Doe defendants, in order to proceed against them he must articulate facts showing that they acted under the color state law.

Finally, the Court will deny Plaintiff's motion to order the release of Plaintiff's medical files. Plaintiff may seek documents in this case through the normal course of discovery. To the extent Plaintiff will need a subpoena to obtain medical records, the Court provides the following information. Under Federal Rule of Civil Procedure 45, a party may seek to compel a non-party to provide testimony at a hearing or trial by serving that person with a subpoena. Fed. R. Civ. P. 45(c)(1). A person wishing to issue a subpoena must ask the Clerk of Court to provide him with a subpoena form; the Clerk of Court will sign a blank subpoena form and deliver it to the requesting party. Fed. R. Civ. Pro. 45(a)(3). The requesting party must then complete the form and make arrangements and pay for someone to

serve the subpoena on the individual whom he wants to testify. Fed. R. Civ. Pro. 45(a)(3), (b).

## 2. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Fourth Amendment claim against Eckert, Liska, Nemoir, Bucher, Comerford, and the Does for the warrantless blood draw.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for release of medical records, ECF No. 17, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendants **Eckert, Liska, Nemoir, Bucher**, **and Comerford** shall file a responsive pleading to the amended complaint;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be

accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 7th day of April, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.